Gistarve RUFFIN, Jr., Petitioner–Appellant,

v.

Don HELLING; Nevada Attorney General, et al., Respondents–Appellees.

No. 05–15939.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 16, 2006.*

Filed Nov. 20, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John C. Lambrose, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Gistarve Ruffin, Jr., Carson City, NV, pro se.

David K. Neidert, Esq., Richard A. Molezzo, Office of the Nevada Attorney General, Reno, NV, for Respondents–Appellees.

Before: TASHIMA and McKEOWN, Circuit Judges, and EZRA **, District Judge.

### MEMORANDUM ***

We affirm the district court's dismissal of Gistarve Ruffin Jr.'s habeas corpus petition. We hold that Ruffin failed timely to file his petition within the one-year statute of limitations under AEDPA, 28 U.S.C.

** The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

§ 2244(d), and that he was not entitled to either statutory or equitable tolling.

Ruffin's conviction became final on October 24, 1996. He filed his first state petition for post-conviction relief on December 16, 1996. This petition was dismissed in state court on June 27, 1997. Ruffin filed a second state petition on March 9, 1998, and a third petition on November 18, 1998. The Nevada state courts dismissed both these petitions as untimely. Ruffin filed his federal petition on September 15, 2003.

 Under *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), untimely filed state post-conviction petitions do not toll the one-year statute of limitations for filing federal habeas petitions. *Id.* at 414, 125 S.Ct. 1807; *cf.* 28 U.S.C. § 2244(d) (stating that the time during which a "properly filed" state petition for post-conviction relief is pending shall not count toward the statute of limitations for filing a federal petition for habeas corpus). Thus, neither Ruffin's second nor his third state petitions tolled the federal statute of limitations. Between July 28, 1997 and September 13, 2003, he had no properly filed petitions pending in any court. During that time, the one-year statute of limitations more than lapsed.

 Ruffin argues that he is entitled to equitable tolling for the time during which his state post-conviction proceedings were pending and during the time between the filing of his second and third petitions. We disagree.

 A litigant seeking equitable tolling must demonstrate (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way. *Pace,* 544 U.S. at 418, 125 S.Ct. 1807. Ruffin fails both prongs of this test. As the district court noted, Ruffin voluntarily dismissed two appeals he had the right to pursue, and he failed to appeal the dismissal of his original petition. There-

fore, it cannot be said that he has been pursuing his rights diligently. Second, Ruffin argues that the fact that he was unable to access his complete trial transcripts during part of this time demonstrates extraordinary circumstances. However, Ruffin was provided with these transcripts on August 31, 1994. In addition, the district court also held that there was no statutory requirement to supply the entire record along with his habeas petition. No extraordinary circumstances merit equitable tolling in this case.

 In the alternative, Ruffin argues that he is entitled to statutory tolling for the period between December 16, 1996 and the denial of rehearing on his third petition because a notice of entry dismissing the first petition was never properly filed in state court. As a result, he argues, the first petition was still pending in Nevada state court until the third petition was properly dismissed. Ruffin failed to raise this argument in numerous rounds of state post-conviction proceedings, and he did not raise it in the district court below. It is therefore waived, and we decline to consider it. *See Majoy v. Roe,* 296 F.3d 770, 776 n. 3 (9th Cir.2002).

Because Ruffin's federal habeas corpus petition was filed five years late, it was properly dismissed.

**AFFIRMED.**